IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHANNING WILSON GREEN, | ) | 1:08cv1673 LJO DLB |
| | ) | |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| TIMOTHY W. SALTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Channing Wilson Green ("Plaintiff"), appearing pro se and informa pauperis, filed the instant civil rights action on November 3, 2008. He names Deputy District Attorney Laugero, Superior Court Judge Timothy W. Salter, and Deputy Sheriff Robert Rowe as Defendants.

**DISCUSSION**

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

Fed. R. Civ. P. 8(a) provides:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Plaintiff's Allegations

Plaintiff brings this action against Deputy District Attorney Laugero, Judge Timothy W. Salter and Deputy Sheriff Robert Rowe. He alleges that Defendants Laugero and Rowe conspired in an attempt to frame Plaintiff for robbery. He also alleges that he was "racially profiled" and "selected" for the crime "due to all individuals coercing and encouraging victim to specifically identify" Plaintiff. Compliant, at 3. Plaintiff requests compensation for lost income and medical treatment, and asks the Court to make "an example" of the Defendants who allegedly pursued a baseless claim.

C.     Analysis

     1.     Challenge of Underlying Criminal Action

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  Id. at 488.

Plaintiff may not pursue the instant damages action, which raises issues as to the constitutionality of the criminal proceeding against him, because he has not alleged that his conviction has been overturned.  If Plaintiff wishes to challenge his conviction and/or custody duration, he must do so via a petition for writ of habeas corpus.

     2.     Defendants Salter and Laugero

Moreover, Plaintiff cannot state a claim as to Defendants Slater, a state court judge, and Laugero, a deputy district attorney.  State court judges and prosecutors are immune from liability under 42 U.S.C. § 1983.  See Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under section 1983 ).

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983.  Plaintiff cannot cure the above deficiencies and leave to amend would be futile.

1  These Findings and Recommendations will be submitted to the Honorable Lawrence J. O'Neill, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 6, 2009**          **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE